IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Varitalk, Inc. | ) | Case No. 09-16148 |
| (TIN: 26-0660267) | ) | |
| | ) | Hon. Benjamin Goldgar |
| Debtor. | ) | |
| | ) | |
| | ) | |
| Varitalk, Inc., | ) | Adv. Pro. No. 09-00383 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Mark Baker, a California resident, | ) | |
| Eclipse, LLC., a California LLC., and | ) | |
| Paulo Lanzarotti, | ) | |
| | ) | |
| Defendants. | ) | |

**DEBTOR'S EMERGENCY MOTION FOR TRO
EXTENDING STAY TO KEY INDIVIDUALS**

Pursuant to, among other authority, 11 U.S.C. §§ 105 and 362, Debtor and Debtor-in-Possession, Varitalk, Inc. ("Varitalk"), by and through its undersigned attorneys request that the Court extend the automatic stay of 11 U.S.C. § 362, to enjoin two suits pending against three individuals who are critical to Varitalk's reorganization efforts, including its President and its Chief Executive Officer and its major shareholders.

1

Motion for Temporary Restraining Order Extending the Automatic Stay of Litigation against
Derek Goldberg, Frederick Lowe, and Stephen Drimmer in *Baker v. Varitalk*, and against
Frederick Lowe and Derek Goldberg in *Lanzarotti v. Varitalk*

I.    INTRODUCTION AND BACKGROUND

Currently, there are two lawsuits pending against Varitalk, Inc., and against related individuals. One case, *Baker v. Varitalk et al.*, is currently pending in the United States District Court for the Central District of California as case 2:07-CV-6622, and a trial is scheduled for May 5, 2009 at 8:30 am (the "California Suit"). Frederick Lowe ("Lowe"), Derek Goldberg ("Goldberg"), and Stephen Drimmer ("Drimmer") are individual defendants in that matter. As explained below, the individual defendants are the Debtor's key officers and creative engines. The second case, *Lanzarotti v. Varitalk*, was removed from the Supreme Court of New York, Kings County, to the United States District Court for the Eastern District of New York on Thursday April 29, 2009 (the "New York Suit"). Goldberg and Lowe are named individual defendants in the New York Suit.

In the California Suit, the plaintiffs, Mark Baker and his company, Eclipse, LLC, seek money damages (although trial is scheduled shortly, he has not issued a damages opinion) against Varitalk and Drimmer, Lowe, and Goldberg (collectively, the "Individual Defendants"), and, in addition, he claims an ownership interest in the Varitalk patents, which are the Debtor's major assets. In the Lanzarotti case, the plaintiff seeks $20,000,000 in damages for an alleged fraud and breach of fiduciary duty arising out of an alleged employment agreement.

Varitalk is a small company, currently employing 13 persons and headquartered in Chicago at 53 West Jackson. Ten of its employees are in Chicago, and another three are located in Los Angeles. Lowe lives in Chicago and Goldberg and Drimmer reside in California.

Varitalk is a viable business that has been in existence since 2002. It received its first commercial contract in 2004 and has had double-digit increasing revenues every year since then.

2
Motion for Temporary Restraining Order Extending the Automatic Stay of Litigation against
Derek Goldberg, Frederick Lowe, and Stephen Drimmer in *Baker v. Varitalk*, and against
Frederick Lowe and Derek Goldberg in *Lanzarotti v. Varitalk*

Its clients include Disney, Paramount Pictures, Dreamworks, Electronic Arts (EA), and Major League Baseball.

Varitalk defines the industry-standard for personalized media for viral marketing and digital content. Its marketing campaigns allow consumers to use the voices of celebrities to send entertaining messages to family and friends' telephones, which also contain a marketing message. Varitalk's personalized content also provides ring-tones and voice mail greetings for cellular phones, again in the voice of celebrities. It has received Hollywood Key Art awards, The Webbies Award, Horizon Interactive Awards and Addy Internet Marketing Awards. It had its breakout campaign in September 2006, supporting the movie "Snakes on a Plane," a campaign that reached millions of consumers. The California Action was filed shortly after this campaign commenced, as did threats of the New York litigation, suggesting that the suits were filed once it became apparent that Varitalk had a bright future.

Varitalk's principal source of revenue arises from Internet-based marketing campaigns that require a high-level of creative writing and strategy and a high-level of technological integration. With recent job reductions at Varitalk that have resulted, in part, from the pending litigation, Goldberg is the sole creative writer and additionally is the primary person responsible for business development and sales. In addition to his duties as Secretary/Treasurer, Lowe is in charge of Varitalk's technology. He spends a significant amount of time designing and developing technology to execute Varitalk's client's contracts. The loss of either Goldberg or Lowe for any length of time, including the 9 trial days allotted by the District Court in California, would likely destroy Varitalk's ability to reorganize in chapter 11.

3
Motion for Temporary Restraining Order Extending the Automatic Stay of Litigation against
Derek Goldberg, Frederick Lowe, and Stephen Drimmer in *Baker v. Varitalk*, and against
Frederick Lowe and Derek Goldberg in *Lanzarotti v. Varitalk*

Varitalk submits the extension of the stay is necessary as to Goldberg and Lowe because they are key decision-makers and managers, they are the key sales and production drivers for the company, they are individually indemnified by Varitalk, they are significant shareholders of Varitalk, and are likely to play an integral part in the funding of any successful reorganization plan. The extension of the automatic stay to Drimmer also is appropriate. Varitalk is obligated contractually to indemnify Drimmer for the costs of trial and any judgments. Similarly, the facts of the case against Varitalk, Lowe, and Goldberg are closely and inseparably connected with the facts alleged against Drimmer and Drimmer is likely to play an integral part in any successful reorganization.

Over the past several weeks, Varitalk has invested significant resources in trying to mediate a settlement of the California Action, after recognizing that what is likely to be a lengthy and expensive trial could potentially destroy the company. The last mediation session occurred on May 1, 2009 and a trial against Varitalk and the Individual Defendants could commence potentially as early as tomorrow.

While a trial is scheduled to begin shortly, there are many additional tasks and proceedings to be resolved. For example, the District Court has not held a *Markman* hearing to interpret the Varitalk patents. The District Court also has not ruled on several motions *in limine*, and plaintiff has not yet submitted an expert report on damages, nor has the District Court ruled on the admissibility of damages evidence. Also, at the pre-trial conference on May 1, 2009, the California Court indicated some willingness to transfer the case to another judge in that Court. In any event, as matters presently stand, there is an order directing the parties to start the trial at 8:30 a.m. on May 5, 2009.

4

Motion for Temporary Restraining Order Extending the Automatic Stay of Litigation against Derek Goldberg, Frederick Lowe, and Stephen Drimmer in *Baker v. Varitalk*, and against Frederick Lowe and Derek Goldberg in *Lanzarotti v. Varitalk*

II.     **ARGUMENT**

  A.  **The Automatic Stay is Designed to Protect a Debtor's Ability to Reorganize**.

Section 362(a) provides one of the most fundamental protections afforded to debtors by preventing the piecemeal destruction of the debtor's property. Without the stay provided by 11 U.S.C. § 362(a), there would be a race to the courthouse to claim assets of the debtor, and a successful reorganization would be impossible.  The automatic stay protects the debtor's assets while giving the debtor breathing room so that it can reorganize.  Section 362(a) bars "the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title. . . ."  11 U.S.C. § 362(a).

  B.  **The Stay is Extended to Enjoin Litigation against Non-Debtors in Circumstances that Exist in this Case.**

Courts have extended the stay of litigation under Section 362(a) to nondebtors where "there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor." *In re Fernstrom Storage and Van Co.*, 938 F.2d 731, 736 (7th Cir. 1991) (*quoting A.H. Robins Co. v. Piccinin,* 788 F.2d 994, 999 (4th Cir. 1986)).

In *A. H. Robins*, the Fourth Circuit held that nondebtor co-defendants of the debtor were entitled to enjoin proceedings against them where the co-defendants were indemnified by the debtor and were also insured under the debtor's insurance policy.  *Id*. at 1007-08. The court reasoned that § 105 empowered the trial court to enjoin actions that would frustrate or potentially thwart the debtor's ability to reorganize. *Id.* at 1003-08.

5
Motion for Temporary Restraining Order Extending the Automatic Stay of Litigation against
Derek Goldberg, Frederick Lowe, and Stephen Drimmer in *Baker v. Varitalk*, and against
Frederick Lowe and Derek Goldberg in *Lanzarotti v. Varitalk*

The Seventh Circuit accepted *Robins* and articulated two scenarios where § 362 should be extended to nondebtors: (1) identity between the debtor and nondebtor such that the litigation against the nondebtor threatens property of the estate, and (2) where the continuation of the proceedings against the nondebtor could cause irreparable harm to the debtor by diverting resources need for its reorganization. *In re Fernstrom Storage and Van Co.*, 938 F.2d 731, 736 (7th Cir. 1991).

Courts have held that the stay should be extended to protect non-debtors where, like here, the debtor has an absolute duty to indemnify the nondebtor either by contract or operation of law or where the costs of the nondebtor's defense are borne by the debtor. *See Trimec, Inc. v. Zale Corporation*, 150 B.R. 685, 687 (N.D. Ill. 1993) (staying proceeding against a joint venturer where the debtor was a guarantor of joint venturer); *In re Eagle-Picher Industries*, Inc., 963 F.2d 855, 860 (6th Cir. 1992) (upholding injunction where debtor had to indemnify its executives and reimburse legal cost); *A. H. Robins*, 788 F.2d at 1007 (same); *Hamilton v. Am. Corrective Counseling Servs.*, 2009 U.S. Dist. LEXIS 30753, 9-10 (N.D. Ind. Apr. 8, 2009); *In re American Film Technologies*, 175 B.R. 847, 850-51 (Bankr. D. Del. 1994) (enjoining suit against officers of debtor because of indemnification and collateral estoppel).

Courts also have extended the stay to protect nondebtors where the debtor's key personnel are diverted from the reorganization by the demands of the litigation. *Fernstrom,* 938 F.2d at 736. In particular, § 105(a) may be used to assure the orderly conduct of the reorganization proceedings. *In re Continental Airlines, Inc.,* 177 B.R. 475, 479-81 (D. Del. 1993) (enjoining suit against officers of debtor which could distract debtor from reorganization); *In re Sudbury, Inc.*, 140 B.R. 461, 465 (Bankr. N. D. OH 1992) (irreparable harm results when resources of

debtor are consumed in third-party litigation); *Forty-Eight Insulations, Inc. v. Lipke (In re Forty-Eight Insulations, Inc.)*, 54 Bankr. 905, 909 (Bankr. N.D. Ill. 1985)(noting §105 extensions "generally involve the debtor's principal officers, shareholders, and directors.").

    C.  **The Litigation against the Individual Defendants Should Be Stayed**.

Varitalk submits the extension of the §362 stay to the individual defendants -- Drimmer, Goldberg, and Lowe -- is justified under controlling precedent. Here, Varitalk's bylaws require it to indemnify all three Individual Defendants. The right to indemnification is absolute and will not require a separate proceeding. This fact alone has led courts to enjoin litigation against third-parties.

But there is more. Goldberg and Lowe are Varitalk's President and Chairman (as well as Secretary/Treasurer), respectively. They are both Directors. As explained above, the upcoming trial of the California Action will require their presence in a California court for an extended period of time and will take them away from critical operations. In their absence, Varitalk's ability to continue as a going concern will be undermined substantially.

Additionally, Drimmer was a former officer of the company and the claims against Drimmer occurred during the time when he was an officer of Varitalk. In the event litigation proceeds against Drimmer alone, the testimony and involvement of Lowe and Goldberg will be needed, thereby distracting them from mission critical functions related to Varitalk. Varitalk also is required to pay for the costs of the litigation and any judgments that might be lodged against Drimmer.

Finally, there is a substantial identity between the claims against Drimmer, Lowe and Goldberg and the claim against Varitalk. In all respects, it is plain that a judgment against any of

them will be tantamount to a judgment against Varitalk. For example, one of the claims against Lowe in the California litigation asserts that the plaintiff in that case is the inventor, and not Lowe, of Varitalk's primary asset. If the plaintiff prevails on that claim against Lowe, there will be a large potential impact upon Varitalk's assets.

### III. THERE IS A LIKELIHOOD OF REORGANIZING AND THE PUBLIC INTEREST IS BEST SERVED BY EXTENDING THE STAY TO DRIMMER, LOWE, AND GOLDBERG

Varitalk also submits that it is likely to reorganize through chapter 11 and that an injunction is in the public interest.[1]

#### A. **Varitalk Has A Likelihood of Reorganizing**.

As noted above, Varitalk is an industry leader in personalized media. It has been successful in the past and believes it can and will be successful in the future, assuming that it can continue to operate without the substantial disruption of two major pieces of litigation.

Indeed, if Varitalk can effectively deal with the California Action and the New York Action, its future is bright. It is in negotiations to enter into a long-term high-volume service agreement with a private label client. It also has recently started entering into long-term service contracts to support and integrate with Disney television shows. Recently, Varitalk also has started new product lines featuring characters from Disney, NBC and MGM.

#### B. The Public Interest is Best Served by an Injunction

---

[1] In *Fisher v. Apostolou*, 155 F.3d 876, 882 (7th Cir. Ill. 1998), the Circuit re-affirmed its earlier holding that a bankruptcy court could enjoin claims involving third parties "when it is satisfied that such proceedings would defeat or impair its jurisdiction over the case before it. In other words, the court does not need to demonstrate an inadequate remedy at law or irreparable harm." *Id. See also Matter of L & S Indus., Inc.*, 989 F.2d 929, 932 (7th Cir. 1993). The principal concerns for the bankruptcy court is the likelihood of success on the merits and the balance of the public interest. *In re L&S Industries, Inc.,* 989 F.2d 929, 932 (7th Cir. 1993).

8

Motion for Temporary Restraining Order Extending the Automatic Stay of Litigation against Derek Goldberg, Frederick Lowe, and Stephen Drimmer in *Baker v. Varitalk*, and against Frederick Lowe and Derek Goldberg in *Lanzarotti v. Varitalk*

Varitalk submits the public interest is best served if the stay is extended to the Individual Defendants. Among other things, staying that litigation will conserve judicial resources. Due to the overlap in the claims and factual allegations asserted against the Individual Defendants and Varitalk, staying the case against the Individual Defendants will help avoid duplicative proceedings and potentially inconsistent results.

Further, the public has an interest in a successful reorganization of Varitalk. Here, jobs are at stake. For many of Varitalk's employees, the income from the debtor is the only household income and the detrimental impact of continuing the litigation (which will assuredly drive Varitalk into a liquidation) on those employees is a factor that urges the litigation to be stayed.

### III. CONCLUSION

WHEREFORE, Varitalk respectfully requests that the Court enter a Temporary Restraining Order that:

1) Enjoins the continuation of the litigation currently pending in the United States District Court for the Central District of California, 2:07-CV-6622, *Baker v. Varitalk, et. al*. as to the debtor Varitalk and the individual Defendants in that suit, Stephen Drimmer, Frederick Lowe, and Derek Goldberg; and

2) Enjoins the United States District Court for the Eastern District of New York from continuing the litigation in *Lanzarotti v. Varitalk et al*, as to the debtor, Varitalk, and the named individual Defendants, Frederick Lowe and Derek Goldberg.

3) Provides such further relief as is just and proper.

9
Motion for Temporary Restraining Order Extending the Automatic Stay of Litigation against
Derek Goldberg, Frederick Lowe, and Stephen Drimmer in *Baker v. Varitalk*, and against
Frederick Lowe and Derek Goldberg in *Lanzarotti v. Varitalk*

Respectfully Submitted,

Varitalk, Inc.


By:_____
  One of Its Attorneys

William J. Factor (6205675)
The Law Office of William J. Factor, Ltd.
1363 Shermer Road, Suite 224
Northbrook, IL  60062
(847) 239-7248
(847) 574-8233
wfactor@wfactorlaw.com

Robert Gray
The Law Offices of Ralph J. Schindler
53 West Jackson Blvd., Suite 818
Chicago, IL  60604
(312) 554-1040
(312) 554-1041
rgray@schindlerlegal.com

10
Motion for Temporary Restraining Order Extending the Automatic Stay of Litigation against
Derek Goldberg, Frederick Lowe, and Stephen Drimmer in *Baker v. Varitalk*, and against
Frederick Lowe and Derek Goldberg in *Lanzarotti v. Varitalk*