# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
|   Varitalk, Inc. | ) | Case No. 09-16148 |
|   (TIN: 26-0660267) | ) | |
| | ) | Hon. Goldgar, Bankruptcy Judge, |
|     Debtor. | ) | Presiding. |
| | ) | |
| | ) | |
| Varitalk, Inc., | ) | Adv. Pro. No.00383 |
| | ) | |
|   Plaintiff, | ) | Hearing Date: August 5, 2009 |
| | ) | Hearing Time: 10:00 a.m. |
|   vs. | ) | |
| | ) | |
| Mark Baker, a California resident, | ) | |
| Eclipse, LLC., a California LLC., and | ) | |
| Paulo Lanzarotti, | ) | |
| | ) | |
|   Defendants. | ) | |

## NOTICE OF MOTION
## REGARDING DEBTOR'S MOTION TO EXTEND PRELIMINARY
## INJUNCTION STAYING LITIGATION AGAINST INDIVIDUAL DEFENDANTS

     PLEASE TAKE NOTICE THAT, on Wednesday, August 5, 2009, at 10:00 a.m., or as soon thereafter as counsel may be heard, the undersigned attorney intends to appear in Room 613 of the Everett McKinley Dirksen Federal Building, 219 South Dearborn Street, Chicago, Illinois before the Honorable A. Benjamin Goldgar, United States Bankruptcy Judge for the Northern District of Illinois, Eastern Division, and at that time and place shall present the Debtor's Motion And Memorandum Of Law In Support Of Extending Preliminary Injunction Staying Litigation Against Individual Defendants, at which time and place you may appear and be heard.

                Respectfully Submitted,

                Varitalk, Inc.


                By: /s/ William J. Factor
                One of Its Attorneys

William J. Factor (6205675)
The Law Office of William J. Factor, Ltd.
1363 Shermer Road, Suite 224
Northbrook, IL  60062
(847) 239-7248
(847) 574-8233
wfactor@wfactorlaw.com

## **CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on this, the 31st day of July, 2009, he personally caused a copy of the attached document to be served upon the following parties in the manner so designated.

/s/  William J. Factor


Bank of Hinsdale
c/o David J. Letvin
Letvin & Stein
541 N. Fairbanks Court
Suite 2121
Chicago, IL 60611
fax (312) 527-2818
email davidletvin@aol.com
(Fax, email and ECF)

Mark Baker, Eclipse, LLC and Eclips Group
c/o David Newby
Johnson & Newby
39 South LaSalle
Suite 820
Chicago, IL  60603
**Fax: 312-345-1308**
dnewby@jnlegal.net
(fax, email and ECF)

Cameron Gulden
United States Trustee's Office
219 South Dearborn Street
Chicago, IL  60604
Fax: 312-866-5794
(Fax, email and ECF)

Scott N. Schreiber
Stahl Cowen Crowley LLC
55 W. Monroe
Suite 1200
Chicago, IL 60603
312-423-8189
Sschreiber@stahlcowen.com
(fax, email and ECF)

John A. Lipinski
Clark & Trevithick
800 Wilshire Blvd.
12th Floor
Los Angeles, CA 90017
(213) 624-9441
(fax)

Joel Schechter
53 West Jackson Blvd
Chicago, IL  60603
Fax: (312) 939-4714
Joelschechter@covad.net
(fax, email and ECF)

Felix Schneiderovsky
12 Desbrosses Street
Third Floor
New York, NY  10013
Fax: (505) 214-3515
felix@sandolaw.com

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Varitalk, Inc. | ) | Case No. 09-16148 |
| (TIN: 26-0660267) | ) | |
| | ) | Hon. Goldgar, Bankruptcy Judge, |
| Debtor. | ) | Presiding. |
| | ) | |
| | ) | |
| Varitalk, Inc., | ) | Adv. Pro. No.00383 |
| | ) | |
| Plaintiff, | ) | Hearing Date: August 5, 2009 |
| | ) | Hearing Time: 9:30 a.m. |
| vs. | ) | |
| | ) | |
| Mark Baker, a California resident, | ) | |
| Eclipse, LLC., a California LLC., and | ) | |
| Paulo Lanzarotti, | ) | |
| | ) | |
| Defendants. | ) | |

**MOTION AND MEMORANDUM OF LAW IN SUPPORT**
**OF DEBTOR'S MOTION TO EXTEND BY 90 DAYS PRELIMINARY**
**INJUNCTION STAYING LITIGATION AGAINST INDIVIDUAL DEFENDANTS**

Pursuant to, among other authority, 11 U.S.C. § 105 and Fed. R. Bankr. Pro. 7065, Debtor and Debtor-in-Possession, Varitalk, Inc. ("Varitalk" or "Debtor"), requests that the Court further extend by 90 days the Preliminary Injunction that is enjoining two suits pending against the Individual Defendants (as defined below).

**I. INTRODUCTION**

On May 11, 2009, the Court entered an order enjoining litigation (the "Preliminary Injunction") that Mark Baker and Eclips, LLC filed against the Debtor, Fred Lowe, Derek Goldberg and Steve Drimmer (Lowe, Drimmer and Goldberg are the "Individual Defendants"),

in the United States District Court for the Central District of California (the "California Suit"). The Preliminary Injunction also enjoined litigation filed by Paulo Lanzarotti, in the United States District Court for the Eastern District of New York (the "New York Suit") against the Debtor and Messrs. Lowe and Goldberg.

This Motion seeks to extend the Preliminary Injunction that has protected the Individual Defendants for an *additional* 90 days so that the Debtor can confirm a plan and exit bankruptcy within that time frame. In the absence of this extension, the Debtor will, in effect, lose the benefit of the automatic stay – a fundamental debtor protection -- and will have no alternative other than to convert this case to a proceeding under Chapter 7 of the Bankruptcy Code.

In sum, if the litigation goes forward against the Individual Defendants, Mr. Lowe and Mr. Drimmer, among others, will be diverted from mission critical tasks and Varitalk will be unable to operate during that time period.[1] With its key employees enmeshed in a trial in the California Suit or engaged in the New York Suit, the Debtor will not be able to sustain its cutting-edge technology and marketing business, it will not be able to generate revenue, it will not be able to attract and service new clients and, more importantly, it will not be able to concentrate on confirming a plan. Ultimately, the Debtor will have to liquidate.

Additionally, the claims against the Individual Defendants plainly implicate Varitalk and thus an action against them is tantamount to an action against Varitalk. Among other things, Mr. Baker is seeking a declaration in the California Suit that he should be named the inventor of Varitalk's patents. If that issue is litigated against the Individual Defendants, a finding by the California court will necessarily impact Varitalk and property of its bankruptcy estate. Similarly, the allegations against the Individual Defendants are intertwined with allegations against

---

[1] Derek Goldberg resigned as Varitalk's president in June 2009.

2

Varitalk and thus it is not possible to discretely separate individual claims from claims against Varitalk. Varitalk also is contractually obligated to indemnify the Individual Defendants. In short, the litigation against the Individual Defendants must be stayed in order to protect Varitalk.

A further extension of the injunction also will not prejudice the plaintiffs in the California or New York litigation at all. The Plaintiffs have been reluctant to proceed against the Individual Defendants so long as Varitalk is protected by the automatic stay. Thus, this extension will benefit them, particularly because the Court already has entered a schedule providing for a fast track process to estimate the claims that Mr. Baker filed against Varitalk.

## II.   BACKGROUND

The debtor, Varitalk, Inc., ("Varitalk") is a small business that combines award winning creative strategy and writing with patented methods and technologies to generate revenue, to date, from Internet-based entertainment and brand viral marketing campaigns. Varitalk's headquarters are at 53 West Jackson Boulevard in Chicago, Illinois. Derek Goldberg and Frederick Lowe are named Defendants in the California Suit and the New York Suit. Steven Drimmer is a named Defendant in the California Suit.

### A.   The Individual Defendants and their Relations to the Company

Frederick Lowe, a resident of the City of Chicago, is the Chairman of Varitalk's Board of Directors, its Secretary/Treasurer and its acting Chief Executive Officer. Mr. Lowe also is the inventor of the Varitalk Patents and has a central role in the company's technology development and deployment and its emergence from bankruptcy. Currently, he is the only employee that has

the ability to administer Varitalk's technology.[2] He also is the only person capable of assisting Varitalk in the formulation of a plan and in emerging from bankruptcy.

Additionally, Mr. Lowe is the primary contact with clients to explain the existing technology and explore additional client requirements for initial determinations of technological feasibility. He has a critical role in both closing sales agreements with clients and saving the company's resources from unnecessary – and often unbillable – technological explorations. He just returned from a week-long trip to China to work with a client.

Derek Goldberg, a resident of Sherman Oaks, California, is Varitalk's former President. He remains an approximately 25% shareholder. Mr. Goldberg is seeking contractual indemnification from Varitalk for any losses he incurs as a result of the California Suit or the New York Suit.

Stephen Drimmer owns approximately 19% of Varitalk's stock. He also is one of the remaining three directors of Varitalk. Mr. Drimmer understands Varitalk's technology and business model and, as such, has been responsible for negotiating potential transactions with third-parties. Mr. Drimmer also is seeking contractual indemnification from Varitalk for any losses he incurs as a result of the California Suit.

### B. The Development of the Debtor's Business and Why Mr. Baker Knew About The Debtor's Business In 2002.

#### 1. The Motion in Aid Of Reorganization.

On May 22, 2009, Varitalk filed its "Amended Motion for Determinations in Aid of Reorganization and to Set Evidentiary Hearing Related Thereto" (Dkt. No. 28), in which Varitalk explained how it was formed and why Mr. Baker knew, or should have known, of Varitalk's

---

[2] *See* Lowe Declaration, a copy of which is attached as Exhibit 4. The other employee with this capability resigned subsequent to the Petition Date.

existence in 2002 and, as a result, why his claims are time-barred. That motion is appended hereto as Exhibit 1 and incorporated herein by reference.

        2.      **The Motion to Estimate The Baker Claims At Zero**.

On July 17, 2009, Varitalk filed the Motion to Estimate The Baker Claims at Zero, in which Varitalk explained why the Baker Claims are meritless (and frivolous) and why they should be estimated at zero. That motion is appended hereto as Exhibit 2 and incorporated herein by reference.

    **C.**    **The Lawsuits**

        1.      **The California Suit**

On September 12, 2007, Mark Baker and Eclips, LLC, filed the California Suit. It is a nine-count action that seeks damages related to the formation of Varitalk and also seeks an order declaring that Mr. Baker is the owner of Varitalk patents. The gist of Mr. Baker's Complaint is that he should be named the inventor of Varitalk's technology (e.g., the WavServer) because the technology Fred Lowe invented and patented in 2006, was already included in a provisional patent application filed by Messrs. Drimmer, Lowe, and Baker in 2003, or is a mere obvious extension of the matter contained in that provisional patent application. Mr. Baker also alleges that Drimmer, Lowe and Goldberg misappropriated his trade secrets (he claims the idea of personalizing media is a trade secret that he invented) and breached duties owed to him when they parted ways with Mr. Baker in late 2002 and formed Varitalk.

As explained in prior pleadings, including Exhibits 1 and 2, Mr. Baker's claims are meritless (to the point of frivolous) on several grounds. Among other things, and as noted in Exhibit 1, the California Court already has ruled that Mr. Baker filed his alleged claims beyond

5

the applicable limitations period because the limitations period started to run in or about October 2002 when irreconcilable disputes arose between Messrs. Baker, Drimmer and Lowe and they parted company on less than amicable grounds.  Thus, the sole issue remaining on the statute of limitations issue is whether the discovery rule protects that untimely filing.

***Varitalk did not prevail on summary judgment as to the discovery rule solely because of procedural infirmities in the way Varitalk's argument and supporting materials were presented.  In any event, there are substantial reasons why the "discovery rule" does not protect Mr. Baker.***

Mr. Baker's claims also are meritless because the so-called expert report he submitted on such matters is class "junk science" under *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592-93 (1993) and *Kumho Tire Co., Ltd. v Carmichael*, 526 U.S. 137, 147 (1999).  As set forth in the attached Declaration of Joe Mayo, which is incorporated herein as Exhibit 3:

> The Dr. Myers' expert report and Mr. Smegal's conclusion based thereon are both incorrect. Dr. Myer's ignores the new matter added by Mr. Lowe in the '696 and '645 patents, fails to recognize that the original claims of the '696 and '645 patents were deemed obvious until the new matter added by Mr. Lowe was claimed and furthermore, Dr. Meyers' bases his analysis on paraphrased claim language that is not found in the claims. Mr. Smegal's conclusions fail as well as they are based on the erroneous analysis of Dr. Myers.

Mayo Declaration at pp. 2-3.

2. **The New York Litigation**

In 2005, Lowe, Drimmer, and Goldberg talked with Paulo Lanzarotti about working for Varitalk as an officer.  Lanzarotti represented that his skills would be an ideal fit for Varitalk.  Goldberg and Lowe offered Lanzarotti an agreement for employment.  The agreement

6

specifically states that cash compensation is not anticipated or made a part thereof. Instead, the exclusive form of compensation would be Membership Units and would vest at three separate times, assuming Mr. Lanzarotti remained with the Company.

Though Lanzarotti represented otherwise, on information and belief, Lanzarotti was not eligible to be employed in the United States. Lanzarotti assured Varitalk, Lowe, and Goldberg that he would be a perfect fit as an officer of Varitalk, but never informed them that his employment was unlawful under Immigration statutes. Nor did Lanzarotti inform Varitalk, Lowe, or Goldberg that his illegal employment could cause Varitalk to incur fines and other regulatory action.

On February 26, 2009, Lanzarotti filed suit in the Supreme Court of New York, Kings County. The Complaint seeks damages in the amount of $20,000,000. Copies of the Complaint were delivered to Varitalk and Lowe on March 30, 2009. On April 29, 2009 Defendants removed to the United States District Court for the Eastern District of New York.

## III.   ARGUMENT

### A. The Automatic Stay is Designed to Protect a Debtor's Ability to Reorganize.

Section 362(a) provides one of the most fundamental protections afforded to debtors by preventing the piecemeal destruction of the debtor's property. Without the stay provided by 11 U.S.C. § 362(a), there would be a race to the courthouse to claim assets of the debtor, and a successful reorganization would be impossible. The automatic stay protects the debtor's assets while giving the debtor breathing room so that it can reorganize. Section 362(a) bars "the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title. . . ." 11 U.S.C. § 362(a).

7

### B. The Stay is Extended to Enjoin Litigation against Non-Debtors in Circumstances that Exist in this Case.

Section 362(a) automatically stays actions against the debtor. It does not, however, stay actions against third-parties. Nonetheless, courts recognize that in some situations, the protections of the automatic stay would be rendered nugatory if an action against a third-party is allowed to proceed. As explained throughout this Motion, the automatic stay would be rendered nugatory for Varitalk if the actions against the Individual Defendants are not stayed.

#### 1. The Identity of Interest Test

In *El Puerto De Liverpool S.A. De C.V. v. Servi Mundo Llantero, U.S.A. (In re Kmart Corp.)*, 285 B.R. 679, 688 (Bankr. N.D. Ill. 2002), Judge Schmetterer observed that courts have extended the protection of the stay to nondebtors under certain conditions and that:

> Authority in this Circuit has adopted this rule and articulated two exceptions to the general rule that bars extension of the stay to nondebtors: the first is where there is sufficient identity between the debtor and nondebtor such that the litigation against the nondebtor threatens property of the estate, and the second is where the continuation of the proceedings against the nondebtor could cause irreparable harm to the debtor by diverting resources need for its reorganization. *Fernstrom*, 938 F.2d at 736. Cases illustrating the first exception include situations where the debtor has an absolute duty to indemnify the nondebtor either by contract or operation of law or where the costs of the nondebtor's defense are borne by the debtor. *See Trimec, Inc. v. Zale Corporation*, 150 B.R. 685, 687 (N.D. Ill. 1993) (staying proceeding against a joint venturer where the debtor was a guarantor of joint venturer); *In re Eagle-Picher Industries, Inc.*, 963 F.2d 855, 860 (6th Cir. 1992) (upholding injunction where debtor had to indemnify its executives and reimburse legal cost); *A. H. Robins*, 788 F.2d at 1007 (same); *In re American Film Technologies*, 175 B.R. 847, 850-51 (Bankr. D. Del. 1994) (enjoining suit against officers of debtor because of indemnification and collateral estoppel).

Accordingly, in this Circuit, there are two prevailing tests for enjoining actions against third-parties. Under one test, which is known as the identity of interest test, the stay can be extended to a third-parties where "there is such identity between the debtor and the third-party

defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor." *In re Fernstrom Storage and Van Co.*, 938 F.2d 731, 736 (7th Cir. 1991) (articulating two scenarios where § 362 should be extended to nondebtors: (1) identity between the debtor and nondebtor such that the litigation against the nondebtor threatens property of the estate, and (2) where the continuation of the proceedings against the nondebtor could cause irreparable harm to the debtor by diverting resources need for its reorganization). *In re Continental Airlines, Inc.,* 177 B.R. 475, 479-81 (D. Del. 1993) (enjoining suit against officers of debtor which could distract debtor from reorganization); *In re Sudbury, Inc.*, 140 B.R. 461, 465 (Bankr. N. D. OH 1992) (irreparable harm results when resources of debtor are consumed in third-party litigation); *Forty-Eight Insulations, Inc. v. Lipke (In re Forty-Eight Insulations, Inc.)*, 54 Bankr. 905, 909 (Bankr. N.D. Ill. 1985) (noting §105 extensions "generally involve the debtor's principal officers, shareholders, and directors.").

### 2. The Irreparable Harm Test

As noted above, in *Fernstrom*, the Seventh Circuit also held that the stay may be extended where the continuation of the proceedings against the nondebtor could cause irreparable harm to the debtor by diverting resources need for its reorganization. In *Fisher v. Apostolou*, 155 F.3d 876, 882 (7th Cir. Ill. 1998), the Circuit extended this holding and held that a bankruptcy court could enjoin claims involving third parties "when it is satisfied that such proceedings would defeat or impair its jurisdiction over the case before it. In other words, the court does not need to demonstrate an inadequate remedy at law or irreparable harm." *Id. See also Matter of L & S Indus., Inc.*, 989 F.2d 929, 932 (7th Cir. 1993). The principal concerns for

9

the bankruptcy court is the likelihood of success on the merits and the balance of the public interest. *In re L&S Industries, Inc.,* 989 F.2d 929, 932 (7th Cir. 1993).

### C. The Litigation against the Individual Defendants Should Be Stayed.

#### 1. Varitalk Will Suffer Irreparable Harm Absent an Injunction.

Whether the Court applies the "identity test" or applies the traditional four factors for an injunction, the result is the same: the litigation against the Individual Defendants should be stayed pending the confirmation of a plan. First, Varitalk plainly will suffer irreparable harm if the California action is not enjoined. Mr. Lowe presently is the only person who is capable of operating Varitalk and guiding it through the bankruptcy process. *See* Lowe Declaration. If his time and attention are focused on litigation in California or New York, he will be unavailable to perform mission-critical tasks for Varitalk and Varitalk will have no option other than to liquidate under Chapter 7 of the Bankruptcy Code. It is precisely this type of harm that justifies the Court's use of its powers under § 105 to stay the California Suit and the New York Suit.

The California Suit also should be stayed as to Messrs. Goldberg and Drimmer. Drimmer and Goldberg are former officers and the claims against them occurred during the time when they worked for Varitalk. In the event litigation proceeds against Drimmer or Goldberg, the testimony and involvement of Lowe will be needed, thereby distracting him from mission critical functions related to Varitalk.

There also is an identity of interest between Varitalk and the Individual Defendants, such that a judgment against them in either the California Suit or the New York Suit will be tantamount to a judgment against Varitalk. For example, Mr. Baker is seeking a declaration that he, not Mr. Lowe, invented Varitalk's patents and thus that Varitalk does not have any patents. A finding like that will clearly impact Varitalk adversely.

10

Similarly, through its bylaws, Varitalk has agreed to contractually indemnify each of the Individual Defendants for any judgments or losses incurred as a result of the California Suit or the New York Suit. In *El Puerto De Liverpool S.A. De C.V.,* 285 B.R. at 688, Judge Schmetterer did not extend the stay to a third party, but only because its rights to contribution from the debtor were not contractually-based and required a separate proceeding. The right to indemnification in this case is absolute and will not require a separate proceeding.

2. **Varitalk Has A Likelihood of Reorganizing**.

As noted above, Varitalk is an industry leader in personalized media. It has been successful in the past and believes it can and will be successful in the future, assuming that it can continue to operate without the substantial disruption of two major pieces of litigation.

Varitalk is close to finalizing and filing a plan and disclosure statement to emerge from bankruptcy. The plan provides that Varitalk will continue to operate, will receive additional funding to make an initial distribution to creditors, and will pay back creditors all amounts owed to them, with interest, over a several year period. Varitalk is thus likely to succeed on the merits.

3. **The Public Interest is Best Served by an Injunction**

Varitalk submits the public interest is best served if the stay is extended to the Individual Defendants. Among other things, staying the New York Suit and the California Suit will give Varitalk the full benefits of the automatic stay. It also will conserve judicial resources.

Due to the overlap in the claims and factual allegations asserted against the Individual Defendants and Varitalk, staying the cases against the Individual Defendants will help avoid the entry of a judgment that will be adverse to Varitalk. It also will prevent duplicative proceedings and potentially inconsistent results.

Further, the public has an interest in a successful reorganization of Varitalk.  Here, jobs are at stake.  For many of Varitalk's employees, the income from the debtor is the only household income and the detrimental impact of continuing the litigation (which will assuredly drive Varitalk into a liquidation) on those employees is a factor that urges the litigation to be stayed.

The public interest also favors the issuance of a stay because the suits in California and New York are baseless and, at least with respect to the California suit, designed to stymie competition.

### 4. The Defendants in the California Suit and the New York Suit Will not be Adversely Impacted by a stay of the pending litigation

Finally, Varitalk submits staying the litigation does not negatively affect the Plaintiffs in the California or the New York suit and, in fact, conserves their resources as well as Varitalk's.  As noted above, the Plaintiffs have indicated a reluctance to proceed solely against the Individual Defendants and wish to proceed in the litigation only if Varitalk also is a party.  Given that the stay has not been lifted as to Varitalk, it is in the best interests of the Plaintiffs, and certainly not prejudicial to them, to also stay the litigation as to the Individual Defendants.

## IV. CONCLUSION

WHEREFORE, Varitalk respectfully requests that the Court enter a Preliminary Injunction that:

1)    Enjoins for an additional 90 days the continuation of the litigation currently pending in the United States District Court for the Central District of California, 2:07-CV-6622, *Baker v. Varitalk, et. al*. as to the debtor Varitalk and the individual Defendants in that suit, Stephen Drimmer, Frederick Lowe, and Derek Goldberg; and

2) Enjoins for an additional 90 days the continuation of the litigation currently pending in the United States District Court for the Eastern District of New York, L*anzarotti v. Varitalk et al*, as to the debtor, Varitalk, and the named individual Defendants, Frederick Lowe and Derek Goldberg.

3) Provides such further relief as is just and proper.

                                  Respectfully Submitted,
                                  Varitalk, Inc.


                                By: /s/ William J. Factor
                                   One of Its Attorneys

William J. Factor (6205675)
The Law Office of William J. Factor, Ltd.
1363 Shermer Road, Suite 224
Northbrook, IL  60062
(847) 239-7248
(847) 574-8233
wfactor@wfactorlaw.com

13