**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
|   Varitalk, Inc. | ) | Case No. 09-16148 |
|     (TIN: 26-0660267) | ) | |
| | ) | Hon. Goldgar, Bankruptcy Judge, |
|     Debtor. | ) | Presiding. |
| | ) | |
| | ) | |
| Varitalk, Inc., | ) | Adv. Pro. No. 09 A 00383 |
| | ) | |
|   Plaintiff, | ) | Hearing Date: Sep. 16, 2009 |
| | ) | Hearing Time: 10:00 a.m. |
|   vs. | ) | |
| | ) | |
| Mark Baker, a California resident, | ) | |
| Eclipse, LLC., a California LLC., and | ) | |
| Paulo Lanzarotti, | ) | |
| | ) | |
|   Defendants. | ) | |

**NOTICE OF MOTION**
**REGARDING DEBTOR'S SECOND MOTION TO EXTEND PRELIMINARY**
**INJUNCTION STAYING LITIGATION AGAINST INDIVIDUAL DEFENDANTS**

     PLEASE TAKE NOTICE THAT, on Wednesday, September 16, 2009, at 10:00 a.m., or as soon thereafter as counsel may be heard, the undersigned attorney intends to appear in Room 613 of the Everett McKinley Dirksen Federal Building, 219 South Dearborn Street, Chicago, Illinois, before the Honorable A. Benjamin Goldgar, United States Bankruptcy Judge for the Northern District of Illinois, Eastern Division, and at that time and place shall present the Debtor's Second Motion And Memorandum Of Law In Support Of Extending Preliminary Injunction Staying Litigation Against Individual Defendants, at which time and place you may appear and be heard.

Respectfully Submitted,

Varitalk, Inc.

By: /s/ William J. Factor
One of Its Attorneys

William J. Factor (6205675)
**THE LAW OFFICE OF
　　WILLIAM J. FACTOR, LTD.**
1363 Shermer Road, Suite 224
Northbrook, IL 60062
(847) 239-7248
(847) 574-8233
wfactor@wfactorlaw.com

## **CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on this, the 11th day of July, 2009, he personally caused a copy of the attached document to be served upon the following parties in the manner so designated.

/s/  William J. Factor

| | |
|---|---|
| Bank of Hinsdale<br>c/o David J. Letvin<br>Letvin & Stein<br>541 N. Fairbanks Court<br>Suite 2121<br>Chicago, IL 60611<br>fax (312) 527-2818<br>email davidletvin@aol.com<br>(ECF) | Mark Baker, Eclipse, LLC and Eclips Group<br>c/o David Newby<br>Johnson & Newby<br>39 South LaSalle<br>Suite 820<br>Chicago, IL 60603<br>**Fax: 312-345-1308**<br>dnewby@jnlegal.net<br>(ECF) |
| Cameron Gulden<br>United States Trustee's Office<br>219 South Dearborn Street<br>Chicago, IL 60604<br>Fax: 312-866-5794<br>(Fax, email and ECF) | Scott N. Schreiber<br>Stahl Cowen Crowley LLC<br>55 W. Monroe<br>Suite 1200<br>Chicago, IL 60603<br>312-423-8189<br>Sschreiber@stahlcowen.com<br>(ECF) |
| John A. Lipinski<br>Clark & Trevithick<br>800 Wilshire Blvd.<br>12th Floor<br>Los Angeles, CA 90017<br>(213) 624-9441<br>(fax) | Joel Schechter<br>53 West Jackson Blvd<br>Chicago, IL 60603<br>Fax: (312) 939-4714<br>Joelschechter@covad.net<br>(ECF)<br><br>Gerald Munitz<br>Butler Rubin Saltarelli & Boyd LLP<br>Three First National Plaza, Suite 1800<br>Chicago, IL 60602<br>(ECF) |

Felix Schneiderovsky
12 Desbrosses Street
Third Floor
New York, NY  10013
Fax: (505) 214-3515
felix@sandolaw.com

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
|   Varitalk, Inc. ) | Case No. 09-16148 |
|     (TIN: 26-0660267) ) | |
| ) | Hon. Goldgar, Bankruptcy Judge, |
|   Debtor. ) | Presiding. |
| ) | |
| ) | |
| Varitalk, Inc., ) | Adv. Pro. No. 09-00383 |
| ) | |
|   Plaintiff, ) | Hearing Date: Sept. 16, 2009 |
| ) | Hearing Time: 10:00 a.m. |
|   vs. ) | |
| ) | |
| Mark Baker, a California resident, ) | |
| Eclipse, LLC., a California LLC., and ) | |
| Paulo Lanzarotti, ) | |
| ) | |
|   Defendants. ) | |

**MOTION AND MEMORANDUM OF LAW IN SUPPORT
OF DEBTOR'S MOTION TO EXTEND BY 90 DAYS PRELIMINARY
<u>INJUNCTION STAYING LITIGATION AGAINST INDIVIDUAL DEFENDANTS</u>**

Pursuant to, among other authority, 11 U.S.C. §105 and Fed. R. Bankr. Pro. 7065, Debtor and Debtor-in-Possession, Varitalk, Inc. ("Varitalk" or "Debtor"), requests that the Court further extend by 60 days the Preliminary Injunction that is enjoining two suits pending against the Individual Defendants (as defined below).

**I.     INTRODUCTION**

On May 11, 2009, the Court entered an order enjoining litigation (the "Preliminary Injunction") that Mark Baker and Eclips, LLC filed against the Debtor, Fred Lowe, Derek Goldberg and Steve Drimmer (Lowe, Drimmer and Goldberg are the "Individual Defendants"),

in the United States District Court for the Central District of California (the "California Suit"). The Preliminary Injunction also enjoined litigation filed by Paulo Lanzarotti, in the United States District Court for the Eastern District of New York (the "New York Suit") against the Debtor and Messrs. Lowe and Goldberg.

On August 12, 2009, the Court extended the Preliminary Injunction to September 16, 2009. Through this current Motion, Varitalk seeks to extend the Preliminary Injunction an *additional* 60 days so that Varitalk can confirm its plan and exit bankruptcy within that time frame. The Debtor already has distributed its Disclosure Statement and Plan to parties in interest and the Court has scheduled a hearing to confirm the Plan and approve the Disclosure Statement on a final basis for October 5, 2009.

If the Plan is confirmed, Messrs. Lowe and Drimmer will be released from the claims raised in the California Suit and the New York Suit. Extending the Preliminary Injunction an additional 60 days so that it remains in place through the Plan confirmation process avoids harm to Varitalk and does not impair the plaintiffs in the California Suit or the New York Suit.

Furthermore, Mr. Lowe's and Mr. Drimmer's attention need to be focused on operating Varitalk and performing tasks needed to confirm the Plan.[1] Although it is unlikely that anything will happen before the California Court within the next 60 days, the same may not be true with respect to the New York Suit. Additionally, in the absence of a Preliminary Injunction, there is nothing to prohibit the Plaintiffs in the California Suit from engaging in pre-trial activities.

A further extension of the injunction also will not prejudice the plaintiffs in the California or New York litigation. The Plaintiffs have been reluctant to proceed against the Individual Defendants so long as Varitalk is protected by the automatic stay. The California Court also has

---

[1] Derek Goldberg resigned as Varitalk's president in June 2009.

set a status hearing for November 2, 2009. Additionally, if the Plan is confirmed, the litigation against Frederick Lowe and Stephen Drimmer will terminate based upon the releases set forth in the Plan.

## II.    BACKGROUND

The debtor, Varitalk, Inc., ("Varitalk") is a small business that combines award winning creative strategy and writing with patented methods and technologies to generate revenue, to date, from Internet-based entertainment and brand viral marketing campaigns. Varitalk's headquarters are at 53 West Jackson Boulevard in Chicago, Illinois. Derek Goldberg and Frederick Lowe are named Defendants in the California Suit and the New York Suit. Steven Drimmer is a named Defendant in the California Suit.

### A.    The Individual Defendants and their Relations to the Company

Frederick Lowe, a resident of the City of Chicago, is the Chairman of Varitalk's Board of Directors, its Secretary/Treasurer and its acting Chief Executive Officer. Mr. Lowe also is the inventor of the Varitalk Patents and has a central role in the company's technology development and deployment and its emergence from bankruptcy. Currently, he is the only employee that has the ability to administer Varitalk's technology.[2] He also is a key person in assisting Varitalk in confirming a plan and in emerging from bankruptcy.

Additionally, Mr. Lowe is the primary contact with clients to explain the existing technology and explore additional client requirements for initial determinations of technological feasibility. He has a critical role in both closing sales agreements with clients and saving the company's resources from unnecessary – and often unbillable – technological explorations.

---

[2] *See* Lowe Declaration, a copy of which is attached as Exhibit 4. The other employee with this capability resigned subsequent to the Petition Date.

Derek Goldberg, a resident of Sherman Oaks, California, is Varitalk's former President. He remains an approximately 25% shareholder. Mr. Goldberg is seeking contractual indemnification from Varitalk for any losses he incurs as a result of the California Suit or the New York Suit.

Stephen Drimmer owns approximately 19% of Varitalk's stock. He also is one of the remaining three directors of Varitalk. Mr. Drimmer understands Varitalk's technology and business model and, as such, has been responsible for negotiating potential transactions with third-parties. Mr. Drimmer also is seeking contractual indemnification from Varitalk for any losses he incurs as a result of the California Suit.

**C.    The Lawsuits**

        1.    **The California Suit**

On September 12, 2007, Mark Baker and Eclips, LLC, filed the California Suit. It is a nine-count action that seeks damages related to the formation of Varitalk and also seeks an order declaring that Mr. Baker is the owner of Varitalk patents. The gist of Mr. Baker's Complaint is that he should be named the inventor of Varitalk's technology (e.g., the WavServer) because the technology Fred Lowe invented and patented in 2006, was already included in a provisional patent application filed by Messrs. Drimmer, Lowe, and Baker in 2003, or is a mere obvious extension of the matter contained in that provisional patent application. Mr. Baker also alleges that Drimmer, Lowe and Goldberg misappropriated his trade secrets (he claims the idea of personalizing media is a trade secret that he invented) and breached duties owed to him when they parted ways with Mr. Baker in late 2002 and formed Varitalk.

As explained in prior pleadings, Mr. Baker's claims are meritless. This Court has entered an Order stating that it shall abstain from hearing the claims in the California Suit and, as noted

above, the District Court in California has set the matter for a status hearing on November 2, 2009.

### 2. **The New York Litigation**

In 2005, Lowe, Drimmer, and Goldberg talked with Paulo Lanzarotti about working for Varitalk as an officer. Lanzarotti represented that his skills would be an ideal fit for Varitalk. Goldberg and Lowe offered Lanzarotti an agreement for employment. The agreement specifically states that cash compensation is not anticipated or made a part thereof. Instead, the exclusive form of compensation would be Membership Units and would vest at three separate times, assuming Mr. Lanzarotti remained with the Company.

Though Lanzarotti represented otherwise, on information and belief, Lanzarotti was not eligible to be employed in the United States. Lanzarotti assured Varitalk, Lowe, and Goldberg that he would be a perfect fit as an officer of Varitalk, but never informed them that his employment was unlawful under Immigration statutes. Nor did Lanzarotti inform Varitalk, Lowe, or Goldberg that his illegal employment could cause Varitalk to incur fines and other regulatory action.

On February 26, 2009, Lanzarotti filed suit in the Supreme Court of New York, Kings County. The Complaint seeks damages in the amount of $20,000,000. Copies of the Complaint were delivered to Varitalk and Lowe on March 30, 2009. On April 29, 2009 Defendants removed to the United States District Court for the Eastern District of New York.

## III. ARGUMENT

### A. **The Automatic Stay is Designed to Protect a Debtor's Ability to Reorganize.**

Section 362(a) provides one of the most fundamental protections afforded to debtors by preventing the piecemeal destruction of the debtor's property. Without the stay provided by 11

5

U.S.C. § 362(a), there would be a race to the courthouse to claim assets of the debtor, and a successful reorganization would be impossible. The automatic stay protects the debtor's assets while giving the debtor breathing room so that it can reorganize. Section 362(a) bars "the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title. . . ." 11 U.S.C. § 362(a).

    B. **The Stay is Extended to Enjoin Litigation against Non-Debtors in Circumstances that Exist in this Case.**

Section 362(a) automatically stays actions against the debtor. It does not, however, stay actions against third-parties. Nonetheless, courts recognize that in some situations, the protections of the automatic stay would be rendered nugatory if an action against a third-party is allowed to proceed.

In *El Puerto De Liverpool S.A. De C.V. v. Servi Mundo Llantero, U.S.A. (In re Kmart Corp.)*, 285 B.R. 679, 688 (Bankr. N.D. Ill. 2002), Judge Schmetterer observed that courts have extended the protection of the stay to nondebtors under certain conditions and that:

> Authority in this Circuit has adopted this rule and articulated two exceptions to the general rule that bars extension of the stay to nondebtors: the first is where there is sufficient identity between the debtor and nondebtor such that the litigation against the nondebtor threatens property of the estate, and the second is where the continuation of the proceedings against the nondebtor could cause irreparable harm to the debtor by diverting resources needed for its reorganization. *Fernstrom*, 938 F.2d at 736. Cases illustrating the first exception include situations where the debtor has an absolute duty to indemnify the nondebtor either by contract or operation of law or where the costs of the nondebtor's defense are borne by the debtor. *See Trimec, Inc. v. Zale Corporation*, 150 B.R. 685, 687 (N.D. Ill. 1993) (staying proceeding against a joint venturer where the debtor was a guarantor of joint venturer); *In re Eagle-Picher Industries, Inc.*, 963 F.2d 855, 860 (6th Cir. 1992) (upholding injunction where debtor had to indemnify its executives and reimburse legal cost); *A. H. Robins*, 788 F.2d at 1007 (same); *In re American Film Technologies*, 175 B.R. 847, 850-51 (Bankr. D. Del. 1994) (enjoining suit against officers of debtor because of indemnification and collateral estoppel).

Additionally, in *Fernstrom*, the Seventh Circuit also held that the stay may be extended where the continuation of the proceedings against the nondebtor could cause irreparable harm to the debtor by diverting resources need for its reorganization. In *Fisher v. Apostolou*, 155 F.3d 876, 882 (7th Cir. Ill. 1998), the Circuit extended this holding and held that a bankruptcy court could enjoin claims involving third parties "when it is satisfied that such proceedings would defeat or impair its jurisdiction over the case before it. In other words, the court does not need to demonstrate an inadequate remedy at law or irreparable harm." *Id. See also Matter of L & S Indus., Inc.*, 989 F.2d 929, 932 (7th Cir. 1993). The principal concerns for the bankruptcy court is the likelihood of success on the merits and the balance of the public interest. *In re L&S Industries, Inc.,* 989 F.2d 929, 932 (7th Cir. 1993).

**C. The Litigation against the Individual Defendants Should Be Stayed.**

Varitalk will suffer irreparable harm if the California action and the New York action are not enjoined and if pre-trial activities take place therein. Mr. Lowe presently is the only person who is capable of operating Varitalk and guiding it through the plan confirmation process. *See* Lowe Declaration. If his time and attention are focused on litigation in California or New York, he will be unavailable to perform mission-critical tasks for the benefit of the bankruptcy estate. It is precisely this type of harm that justifies the Court's use of its powers under § 105 to stay the California Suit and the New York Suit.

The California Suit also should be stayed as to Messrs. Goldberg and Drimmer. Drimmer and Goldberg are former officers and the claims against them occurred during the time when they worked for Varitalk. In the event litigation proceeds against Drimmer or Goldberg, the testimony and involvement of Lowe will be needed, thereby distracting him from critical functions related to Varitalk.

7

There also is an identity of interest between Varitalk and the Individual Defendants, such that a judgment against them in either the California Suit or the New York Suit will be tantamount to a judgment against Varitalk. Through its bylaws, Varitalk has agreed to contractually indemnify each of the Individual Defendants for any judgments or losses incurred as a result of the California Suit or the New York Suit. In *El Puerto De Liverpool S.A. De C.V.,* 285 B.R. at 688, Judge Schmetterer did not extend the stay to a third party, but only because its rights to contribution from the debtor were not contractually-based and required a separate proceeding. The right to indemnification in this case is absolute and will not require a separate proceeding.

As noted above, Varitalk is an industry leader in personalized media. It has been successful in the past and believes it can and will be successful in the future. Varitalk's plan and disclosure statement also have been disseminated. The plan provides that Varitalk will continue to operate, will receive additional funding to make an initial distribution to creditors, and will pay back all trade creditors all amounts owed to them over a several year period. Varitalk is thus likely to succeed on the merits.

Varitalk also submits the public interest is best served if the stay is extended to the Individual Defendants. Among other things, staying the New York Suit and the California Suit will give Varitalk the full benefits of the automatic stay. It also will conserve judicial resources. Due to the overlap in the claims and factual allegations asserted against the Individual Defendants and Varitalk, staying the cases against the Individual Defendants will help avoid the entry of a judgment that will be adverse to Varitalk. It also will prevent duplicative proceedings and potentially inconsistent results. Further, the public has an interest in a successful reorganization of Varitalk. Here, jobs are at stake.

Finally, Varitalk submits staying the litigation does not negatively affect the Plaintiffs in the California or the New York suit and, in fact, conserves their resources as well as Varitalk's. As noted above, the Plaintiffs have indicated a reluctance to proceed solely against the Individual Defendants and wish to proceed in the litigation only if Varitalk also is a party.  Given that the stay has not been lifted as to Varitalk, it is in the best interests of the Plaintiffs, and certainly not prejudicial to them, to also stay the litigation as to the Individual Defendants.

## IV.    CONCLUSION

WHEREFORE, Varitalk respectfully requests that the Court enter a Preliminary Injunction that:

1)    Enjoins for an additional 60 days the continuation of the litigation currently pending in the United States District Court for the Central District of California, 2:07-CV-6622, *Baker v. Varitalk, et. al*. as to the Individual Defendants; and

2)    Enjoins for an additional 60 days the continuation of the litigation currently pending in the United States District Court for the Eastern District of New York, *Lanzarotti v. Varitalk et al*, as to Frederick Lowe and Derek Goldberg.

3)    Provides such further relief as is just and proper.

           Respectfully Submitted,
           Varitalk, Inc.


           By: /s/ William J. Factor
              One of Its Attorneys

William J. Factor (6205675)
**THE LAW OFFICE OF**
    **WILLIAM J. FACTOR, LTD.**
1363 Shermer Road, Suite 224
Northbrook, IL  60062
(847) 239-7248
(847) 574-8233
wfactor@wfactorlaw.com

9

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Varitalk, Inc. | ) | Case No. 09-16148 |
| (TIN: 26-0660267) | ) | |
| | ) | Hon. Goldgar, Bankruptcy Judge, |
| Debtor. | ) | Presiding. |
| | ) | |
| | ) | |
| Varitalk, Inc., | ) | Adv. Pro. No. 09 A 00383 |
| | ) | |
| Plaintiff, | ) | Hearing Date: Sep. 16, 2009 |
| | ) | Hearing Time: 10:00 a.m. |
| vs. | ) | |
| | ) | |
| Mark Baker, a California resident, | ) | |
| Eclipse, LLC., a California LLC., and | ) | |
| Paulo Lanzarotti, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER EXTENDING INJUNCTION**

This matter having been presented to the Court through the Motion of Varitalk Inc., requesting the entry of an Order extending the Preliminary Injunction for an additional 60 days with respect to *Baker v. Varitalk, et. al.* and L*anzarotti v. Varitalk et al.*; and the Court having reviewed the Motion and otherwise being advised in the premises, does hereby ORDER

The Motion is granted and the Preliminary Injunction is extended an additional 60 days, up to and including November 16, 2009.

_____
United States Bankruptcy Judge

10